NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIVINT, INC.,**
*Appellant*

**v.**

**ADT LLC,**
*Appellee*

---

2023-1995

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00071.

---

Decided: December 11, 2024

---

ROBERT PARRISH FREEMAN, JR., Maschoff Brennan, PLLC, Park City, UT, argued for appellant. Also represented by ERIC MASCHOFF; STERLING A. BRENNAN, Irvine, CA.

DAVID ANDREW SIMONS, Pillsbury Winthrop Shaw Pittman LLP, Tysons, VA, argued for appellee. Also represented by BRYAN PATRICK COLLINS.

---

Before LOURIE, SCHALL, and STOLL, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Vivint, Inc. ("Vivint") appeals from the final written decision of an *inter partes* review ("IPR") determining that claims 1, 2, 4, 8–10, and 12 of U.S. Patent 10,325,159 ("the '159 patent") were unpatentable as anticipated and obvious. *ADT, LLC v. Vivint, Inc.*, No. IPR2022-00071 (P.T.A.B. Mar. 28, 2023) ("*Decision*").

For the following reasons, we *affirm*.

BACKGROUND

The '159 patent is directed to entity detection. '159 patent at col. 1, ll. 46–47, col. 3, ll. 31–34. Specifically, it claims a computer implemented apparatus and method for detecting an entity passing through the perimeter of a "predefined area" by using a camera. *Id.* at col. 1, ll. 46–49. The specification describes how the claimed invention may, for example, assist a shop owner detect a person entering the shop's doorway. *Id.* at col. 3, ll. 34–37.

ADT petitioned for IPR asserting unpatentability of claims 1, 2, 4, 8–10, and 12 of the '159 patent. The Board found that all challenged claims were unpatentable as (1) anticipated over U.S. Patent Application 2004/0117638 A1 ("Monroe") (*Decision*, J.A. 34–51), (2) obvious over Monroe alone (*Id.* at J.A. 52–56), (3) obvious over Chinese Patent Application CN102467800 ("Jin") alone (*Id.* at J.A. 61–78), and (4) obvious over the combination of Monroe and Jin (*Id.*).

Relevant here, the Board determined that "predefined" simply means "defined in advance," and that the "entire field-of-view of a camera" can be a "predefined area." *Id.* at J.A. 30–31. The Board then found that Monroe and Jin each separately disclose the limitation step of "detecting an entity entering a predefined area based at least in part on

camera data" as part of its patentability analysis. *Id.* at J.A. 39, 65.

Vivint timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

On appeal, Vivint argues that the Board's patentability analysis was flawed because the Board improperly construed the term "predefined area" so broadly as to include the "entire field of view of a camera." Appellant's Br. 12. We disagree. "We review the Board's claim construction de novo and any underlying factual findings for substantial evidence." *Kaken Pharm. Co. v. Iancu*, 952 F.3d 1346, 1350 (Fed. Cir. 2020) (citations omitted).

The words of a claim "are generally given their ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc) (citations omitted). Moreover, it is generally improper to import a limitation from the specification into the claims. *Cont'l Cirs. LLC v. Intel Corp.*, 915 F.3d 788, 797 (Fed. Cir. 2019).

The term "predefined area" is recited in independent claims 1, 9, and 12. Claim 1 is representative and recites, in part, a method step of "detecting an entity entering a predefined area based at least in part on camera data." '159 patent at col. 11, ll. 44–45. The Board construed "predefined area" to mean "defined in advance," according to its plain and ordinary meaning. *Decision,* J.A. 30–31. The Board also explained that nothing in the claims, specification, or prosecution history prevents the entire field-of-view of a camera from being a "predefined area." *Id.* at J.A. 26.

Vivint contends that the Board erred by construing "predefined area" to "include whatever the camera sees."

Appellant's Br. 13.  It argues that such a broad construction renders "entering a predefined area" superfluous.  *Id.* at 13–15.  That is incorrect.  A camera's entire field-of-view does not automatically or necessarily correspond to a user's region of interest.  Instead, as the Board explained, "the term 'predefined area,' if applied to a camera's entire field-of-view, would require the user to set up the camera such that the camera's entire field-of-view would mark a perimeter [to enter] that corresponds to the user's region of interest," for example, by zooming in, panning out, or angling. *Decision,* J.A. 23.

Vivint also made several arguments that seek to import limitations from the '159 patent's specification, related patents, and even extrinsic evidence into the claims to avoid the effect of Monroe and Jin in the Board's patentability analysis.  First, relying on the '159 patent's specification, Vivint asserts that because the invention is "configured to obscure content on a screen," '159 patent at col. 2, ll. 24–31, and can "detect when a person passes through a predetermined perimeter," *Id.* at col. 3, ll. 44–49, that "shows that a single camera's field of view can have two separate predefined areas within it."  Appellant's Br. 24.  That the claimed invention "can" have multiple "predefined areas" does not mean that it must.  Moreover, neither term, "obscure" or "predetermined perimeter," appears in the claims and such limitations cannot be imported into the claims.

Next, Vivint argues that while "[t]he '159 patent does not include any claims directed to [a] second predefined area, . . . its parent '990 patent[1] does," Appellant's Br. 16, and the term "'[p]redefined area' must therefore mean the same thing" in both patents.  *Id.* at 16–17.  But as the Board properly concluded, unlike the '990 patent, the '159 patent "do[es] not recite multiple predefined areas," and

---

[1]     U.S. Patent 10,061,990 ("the '990 patent").

even if the '990 patent "require[s] multiple separate predefined areas, that is no reason to do the same with the challenged claims here." *Decision,* J.A. 29. In fact, the absence of that limitation in the '159 patent indicates broader claiming.

Finally, Vivint relies on extrinsic evidence to support its proposed claim construction. It argues that the proper construction is: "a physical area defined by a user configurable region of a camera's field of view having delineated boundaries, where the region within the boundary is a region of interest and any regions not within the boundary are regions of disinterest." Appellant's Br. 5 (cleaned up). Vivint relies on the disclosures of a "computer-based system" developed by Ivex Corporation ("Ivex System") "around 2001 that allowed a user to set multiple predefined areas for motion detection." *Id.* at 26. Vivint argues that the "Ivex [System] supports that a person of ordinary skill in the art would have understood 'predefined area' as a concept akin to the Ivex 'region of interest' technology," and thus a camera's view must include multiple "predefined areas" akin to the Ivex System's multiple regions of interest. *Id.* The Board properly discounted this evidence because the "Ivex [System] . . . is not the specification of the '159 patent. Nor [is] the Ivex System . . . mentioned in the specification of the '159 patent." *Decision,* J.A. 26. We agree. Extrinsic evidence alone, like the Ivex System, cannot serve to limit a claim's scope.

Even if we were to accept Vivint's arguments, Vivint's counsel conceded during oral argument before the Board that its construction does not preclude a camera's entire field-of-view from being set up as the "predefined area." *Id.* at J.A. 21 (citing J.A. 1737, 1739). As a last resort, Vivint attempted to modify its construction during oral argument to require a user's pre-interaction with a screen to configure the "predefined area." *Id.* at J.A. 21–22 (citing J.A. 1737–38). The Board did not abuse its discretion by

finding that this new argument was untimely and, nevertheless, without merit given that neither the independent claims nor Vivint's proposed construction mentions "user interaction with the camera screen to define, set up, or configure a predefined area." *Id.* at J.A. 22.

Accordingly, we agree with the Board's construction of "predefined area." Because Vivint does not otherwise challenge the Board's patentability determination, we affirm the Board's unpatentability determination with respect to claims 1, 2, 4, 8–10, and 12 of the '159 patent.

## CONCLUSION

We have considered Vivint's remaining arguments and find them unpersuasive. For the forgoing reasons, we *affirm*.

**AFFIRMED**